[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 14907
By his petition filed March 2, 1999, petitioner seeks a writ of habeas corpus. For reasons hereinafter stated, the petition is denied.
Petitioner's claims arise out of disciplinary proceedings in which he was adjudicated guilty of two class A offenses. These offenses were conspiracy to commit assault and a security risk group affiliation. Petitioner claims that he was not guilty of these offenses and that he could not have been found guilty of the offenses as charged.
From the evidence, it is found that at all times material to the petition, petitioner was confined to the custody of the Commissioner of Correction serving an effective sentence of 14 years with execution suspended after six and a-half years. It is further found that on September 23, 1998, an inmate by the name of Ortiz was the victim of an assault. An investigation into this assault led to disciplinary reports citing petitioner for the above-mentioned charges.
Petitioner was given written notice of the charges and was assigned an advocate to advise him in the matter. He denied the charges and gave the investigating officer the names of witnesses in support of his position. Petitioner's witnesses were questioned. After investigation and hearing, petitioner was found guilty of the charges. The officer who conducted the disciplinary hearing concluded that petitioner was a high ranking member of "NETA," a security risk group, and that in such capacity petitioner authorized and directed the assault on inmate Ortiz. Petitioner denies these facts. He claims that he was not a member of the security risk group and that he could not have been engaged in any meeting of the conspirators in the recreation yard on September 12, 1998, as alleged in the report because he was working in the kitchen at the time.
Lieutenant Dennis Marinelli, a corrections officer who had personal knowledge of the situation, testified that even if petitioner was at his work place on the date and time indicated in the report, he could have gone to the place in the yard where the meeting of the conspirators took place. The evidence that petitioner was a ranking member of the security risk group was based upon the statements of two confidential informants who had CT Page 14908 given reliable and trustworthy information in the past. The finding of guilt was also based upon statements of other parties charged with the conspiracy who implicated petitioner. There was evidence that all of these statements taken from separate parties were basically identical indicating a high degree of reliability.
In considering the issues raised by this petition, it is not the function of the court to retry the charges. It is the function of the court to determine if the requirements of due process have been satisfied in the disciplinary proceedings. The standard required for due process is met if there was some evidence from which the conclusion of the administrative tribunal could be deduced. The relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board. Superintendent v. Hill, 472 U.S. 444,455 (1985). Although petitioner has denied the charges, it must be concluded that there was sufficient evidence presented to satisfy the requirements of due process. Accordingly, the petition is dismissed.
Joseph J. Purtill Judge Trial Referee